McFarland, J.,
delivered tbe opinion of tbe court:
Tbis is a motion against Edmondson, and bis sureties, for a balance of tbe county revenue of Blount county, for tbe year I860. Tbe circuit court gave judgment for tbe amount moved for, $5,065.29 1-2, interest and damages, in all $8,548.51, and costs, from wbicb judgment tbe defendants bave appealed.
It appears that P. H. Clark was duly elected and qualified the collector for tbe year 1866, and that Edmondson was bis deputy. At the- November session of tbe county court, Clark transferred tbe collectorsbip- to- Edmondson— to use tbe language of an entry of tbe county court — and *76 Edmondson thereupon gave the bond, with sureties, upon which this motion is predicated.
It was decided, when this cause was here at the former term, that the motion could not be resisted upon the ground that Edmondson was not duly elected tax collector. He and his sureties were estopped to deny this by their bond. [Since reported in 8 Heis., 384.] Upon the trial, Edmondson was charged with the entire tax aggregate for the year 1866, but as he was allowed a credit for all payments made by Clark, and as it seems not to be denied that Clark paid over all the sums collected by him, there could be no objection to this course. The tax aggregate was $15,633.51.
The plaintiff introduced a statement of payments made to the trustee during the year 1866, aggregating $9,573.90. This sum, and $647.38, for discharge and releases allowed by the county court, the circuit court adjudged to be all the credits to which the defendant was entitled, but as the motion Avas only for $5,065.79 1-2, the recovery Avas limited to this latter sum, interest and damages.
The defendants rely upon a settlement made by Ed-mondson with the chairman of the county court, on the 3d of January, 1868. This settlement was evidenced by a ■writing, as follows:
“Paid the county, by J. C. Edmondson, for the year 1866, full amount, $15,633.51.
“(Signed) John J. Hudgeons, Chairman.”
This settlement was also proven, by the testimony of Edmondson and Hudgeons.
The chairman of the county court is the financial officer of the county, and is specially authorized to settle vfith tax collectors. Put we think this is not such a statement of the accounts as is contemplated by the statute. The collector is required to pass his accounts before the chairman, be charged with the tax aggregate from the revenue docket, be credited with commissions, county warrants, insolv *77 encies allowed in proper time by tbe county court, and amount of taxes assessed a'gainst different owners. Tbe chairman is to cause tho accounts to be stated when satisfactory to him, by the clerk on the revenue docket, and thereupon issue his warrant under seal of the court, to pay the balance into the county treasury. The collector is required, on making the payments to the trustee, to* take duplicate receipts, which he is to deliver to the chairman, who is thereupon to balance the collector’s account, countersign one of the receipts, and deliver to the collector, and lile the other in the clerk’s office. See Code, sec. 499 et seq. [see sec. 914 et seq. of Shannon’s Code.] From this it is manifest that the settlement relied upon is not a compliance with the law, so as to entitle it a complete defense to the motion. We have held in regard to the state revenue, that in mailing these settlements, the statute must be substantially followed, so as to carry out the reason and policy of the law. [See notes under sec. 255, subsecs. 10 and 29 of the Code.]
The next question is whether the defendants are entitled to other credits than those allowed. The contest, is mainly as to a number of payments made between the 1st of January and the 22d of July, 1867, which the defendant insists should be credited upon the account of faxes for 1866. It is not denied that the payments were paid. The trustee’s receipts are produced, and it is shown that he charged himself with the money on his books.
But Edmondson was a collector in the year 1867, and for several sudceeding years, and for the year 1867 gave another bond with a different set of sureties, and for the plaintiff it is insisted that these payments were credited upon account of the year 1867. The trustee who received those payments proves that Edmondson gave no special directions as to what year the payments should be credited. But it appears that part of these payments were made before the tax lists for the year 1867 were, by law, required to be *78 turned over to tbe collector, and as It is insisted by tbe defendants, all these payments were made before the tax books for tbe year 1867, in fact, came to tbe bands of tbe collector.
Edmondson testifies that be does not think tbe books for tbe year 1867 came to bis bands until August. Nunn, tbe trustee, testified that, according to' tbe best of bis recollection, tbe tax books for 1867 did not- go into Edmond-son’s bands until August.
If this be true, these payments should undoubtedly be credited upon account of tbe year 1866. There being, at tbe date of the payments, but one liability against Edmond-son, no direction from him was necessary as to' tbe application of the payments, especially as tbe fact was known to Nunn, tbe trustee.
But it is urged that the proof does not overcome tbe presumption of law that tbe books were delivered to- tbe collector at tbe time required by law, and tbe production of the books, with the clerk’s certificate, would be higher and better evidence, which the defendant should have produced, but we do not -perceive that the production of tbe books would show when the collector received them. If any receipt was taken upon their delivery, this would be found with the clerk of tbe county court.
Tbe testimony of Edmondson and Nunn, which we have referred to, is all we have upon tbe subject, and while it is not as positive and distinct as it might be, we- think, in tbe absence of any proof to the contrary, it sufficiently establishes tbe fact. We have found in tbe great number of these cases that have been before us, that delay beyond tbe time required by law in delivering tbe books to- tbe collector, may frequently occur. Nunn, being tbe trustee, was interested to know bow tbe facts were, and we have not found tbe reasons for discrediting Edmondson’s testimony that have been urged. He swears very positively that tbe payments in controversy were-of revenue for 1866. *79 He further testifies that the receipts for payments between January and July 22, 1867, were written in the tax book of 1866, and in this he is corroborated; this was to indicate that the payments were to be credited on that year’s taxes.
It appears that about the year 1872, a committee was appointed by the county court, to settle with Edmondson for the several years for which he had been collector, and it is insisted that in this settlement he obtained credits on the year 1867, for the payments claimed for the year' 1866. If this were true, it could not affect the rights of his sureties. A surety may be barred by an application made by his principal at the time of payment, but after a surety has been discharged by a payment, his principal cannot renew the surety’s liability by agreeing to change the credits.
It is argued that the discrepancies between the testimony of Edmondson and the other witnesses in regard to the settlement with Hudgeons, destroys his credit.
But we think a fair consideration of his testimony does not lead to this result. The so-called settlement made by the commissioners was most probably a mere statement of their own conclusions, which Edmondson did not, in fact, see at ail; at any rate, we do not think that under the circumstances, the conflict is such as to fix upon him a charge of corruptly misrepresenting the facts; and we think as to the matter of the settlement made with Hudgeons, that he is sustained rather than discredited by the other testimony, as well as the intrinsic evidence offered by the papers. We hold that the defendant is entitled to the credits claimed, including those of the 22d of July, 1867. Notwithstanding the receipts are not in accordance with the statute, the county has actually received the money.
We are further of opinion that the defendant is entitled to commissions, beyond doubt- as to the amounts credited as collections by Clark, and we think, also-, as to the balance, as he did not become responsible for the collections until November, 1866.
*80 After allowing tlie credits claimed, commissions and releases, if there be any balance, j udgment may be rendered. This may be ascertained by reference to the clerk, or by counsel.